# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BIOTRONIK INC., and BIOTRONIK SE & CO. KG,<br><br>Plaintiffs,<br><br>v.<br><br>NIAZI PATENT HOLDINGS LLC,<br><br>Defendant. | Case No. 25-CV-1739-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

Plaintiffs Biotronik Inc. and Biotronik SE & Co. KG (collectively "Biotronik") filed the present action seeking a declaratory judgment of noninfringement of Defendant Niazi Patent Holdings, LLC's ("NPH") patent, U.S. Patent No. RE50,170 ("the '170 patent"). ECF No. 16. NPH counterclaimed, alleging infringement of the '170 patent. ECF No. 17. Biotronik now moves for judgment on the pleadings, ECF No. 26, arguing that the chain of priority was broken and the reissue patent is invalid, *see generally* ECF No. 27. Because this Court finds the Federal Circuit's decision in *Aristocrat Technologies Australia PTY Ltd. v. International Game Technology*, 543 F.3d 657 (Fed. Cir. 2008) ("*Aristocrat*"), controlling, the Court will deny the motion.

## 2. LEGAL STANDARD

Once the pleadings are closed, a party may file a motion pursuant to Federal Rule of Civil Procedure 12(c) to challenge the sufficiency of the pleadings. "Judgment on the pleadings is appropriate when there are no

disputed issues of material fact and it is clear that the moving party . . . is entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017) (*citing Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987)).

**3. FACTS**

The Court draws its discussion of the facts from the parties' briefing, the operative complaint and answer, and the exhibits[1] attached thereto. For simplicity in future briefing, the Court directs the parties to limit submission of exhibits already in the record and to confine their citations to the file histories already in the record at ECF No. 16-3 through ECF No. 16-6 to the extent possible. Submission of and citation to duplicative exhibits needlessly complicates review.

The '170 patent issued in 2021 as a reissue of U.S. Patent No. 8,838,237 ("the '237 patent"). ECF No. 17 at 3–4; ECF No. 16-3 at 2. The '237 patent was filed as U.S. App. No. 13/053,965 ("the '965 application") on March 22, 2011. ECF No. 16-3 at 53; ECF No. 27 at 6. The '965 application claims priority as a continuation in part of U.S. App. No. 12/899,244 ("the '244 application"), which was filed on October 6, 2010. ECF No. 16-3 at 53; ECF No. 27 at 6. The '244 application in turn claims priority to U.S. Provisional App. 61/272,563 ("the '563 provisional application"). ECF No. 16-3 at 53; ECF No. 27 at 6. The Court has reproduced the preceding information in the following, more readily comprehensible chart:

| |
|---|
| U.S. Provisional App. No. 61/272,563, filed on October 6, 2009 |

[1]The Court confines its consideration of the exhibits to those patent related documents, which it may take judicial notice of. *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n.3 (Fed. Cir. 1990) (collecting authorities).

U.S. App. No. 12/899,244, filed on October 6, 2010, abandoned

U.S. App. No. 13/053,965, filed on March 22, 2011; issued as U.S. Patent No. 8,838,237 on September 14, 2014

U.S. Patent No. RE50,170, filed July 2, 2021, issued October 15, 2024

The ’244 application became abandoned on December 23, 2010, when NPH failed to respond to the notice of missing parts issued on October 22, 2010. ECF No. 27 at 7–8; ECF No. 16-5 at 44–46. Because the ’244 application was abandoned before the ’965 application’s filing date, Biotronik argued to NPH that the ’170 patent was invalid at a meet and confer in December 2025. ECF No. 27 at 9.

In response, NPH petitioned the Patent and Trademark Office (“PTO”) for revival of the ’244 application under 37 C.F.R. § 1.137, which the PTO granted. *Id.*; ECF No. 28-1. The decision on the petition indicates that the ’244 application was “revived solely for purposes of continuity” and that NPH “made the proper statement of unintentional delay.” ECF No. 28-1 at 3. With continuity restored, NPH maintains that the ’170 patent is valid, while Biotronik now suggests that the PTO’s revival is inoperative.

## 4. ANALYSIS

Biotronik argues that the ’170 patent’s chain of priority[2] to the ’563 application was broken because it was filed after NPH abandoned the ’244

---

[2]The “chain of priority” refers to the requirement laid out in 35 U.S.C. § 120 that each application for a patent made pursuant to an earlier application be “filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date

non-provisional application, that the PTO exceeded its authority in reviving continuity, and that NPH's prior disclosures invalidate the '170 patent. *See generally* ECF No. 27. NPH argues that *Aristocrat* forecloses arguing improper revival as a defense to patent infringement, even when couched in an argument under 35 U.S.C. § 102. *See generally* ECF No. 30.

In *Aristocrat*, the patentee filed provisional applications and a Patent Cooperation Treaty ("PCT") application, claiming priority to the provisional applications in Australia. 543 F.3d at 659. Under 35 U.S.C. § 371 and 37 C.F.R. § 1.495, the patentee was required to pay the fee for the U.S. national stage of the PCT application by January 10, 2000. *Id.* However, the PTO did not receive the fee until January 11, 2000. *Id.* The PTO therefore considered the application abandoned but granted a petition for revival that argued the delay was unintentional. *Id.* at 659–60. The alleged infringer argued that the PTO applied the wrong standard, and it should have required the patentee to show unavoidable delay. *Id.* at 660. The district court granted summary judgment in favor of the alleged infringer on the theory that the application was not properly revived and therefore constituted invalidating prior art under 35 U.S.C. § 102. *Id.* (citation omitted).

The Federal Circuit then reversed the district court, holding that improper revival is not a defense to an allegation of patent infringement under 35 U.S.C. § 282. *Id.* at 660–64. The Federal Circuit based its decision on its interpretation of the statute at issue:

> Because the proper revival of an abandoned application is neither a fact or act made a defense by title 35 nor a ground

---

of the first application." A valid chain of priority allows a prospective patentee to avoid potentially invalidating references by claiming an earlier priority date.

> specified in part II of title 35 as a condition for patentability, we hold that improper revival may not be asserted as a defense in an action involving the validity or infringement of a patent.

*Id.* at 663. The court also noted that it reasoned consistent with its previous decision in *Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956 (Fed. Cir. 1997). *Id.* In *Magnivision*, the Federal Circuit "concluded that 'procedural lapses during examination, should they occur, do not provide grounds of invalidity. Absent proof of inequitable conduct, the examiner's or the applicant's absolute compliance with the internal rules of patent examination becomes irrelevant after the patent has issued.'" *Id.* (quoting *Magnivision*, 115 F.3d at 960) (bracketing omitted). The court further explained:

> There is good reason not to permit procedural irregularities during prosecution, such as the one at issue here, to provide a basis for invalidity. Once a patent has issued, the procedural minutiae of prosecution have little relevance to the metes and bounds of the patentee's right to exclude. If any prosecution irregularity or procedural lapse, however minor, became grist for a later assertion of invalidity, accused infringers would inundate the courts with arguments relating to every minor transgression they could comb from the file wrapper. This deluge would only detract focus from the important legal issues to be resolved—primarily, infringement and invalidity.

*Id.* (footnote omitted).

Biotronik pursues the same attempt at invalidation as the alleged infringer in *Aristocrat*: invalidity under 35 U.S.C. § 102 based on the patent owner's disclosure and a break in the chain of priority. While Biotronik suggests that the Federal Circuit did not make its decision based on public use under 35 U.S.C. § 102(b), ECF No. 27 at 15, it has failed to explain why a public use is sufficiently dissimilar from a foreign patent application to

escape the purview of this precedent. As the Federal Circuit has held that a break in the chain of priority is not a valid defense to patent infringement under § 282, the Court must reject this argument.[3] The Federal Circuit's statutory interpretation is controlling,[4] and this Court is similarly concerned with being "inundate[d]" by "every minor transgression" possible to "comb from the file wrapper." *Aristocrat*, 543 F.3d at 633. "Absolute compliance" with the rules of the PTO is not necessary for a valid patent, and "procedural lapses during examination . . . do not provide grounds of invalidity." *Id.* (quoting *Magnivision*, 115 F.3d at 960).

Biotronik's emphasis that its challenge is procedural, not substantive, does not allow it to avoid *Aristocrat*. *See* ECF No. 27 at 16; *see also* ECF No. 31 at 6. As the Federal Circuit stated, "procedural minutiae . . . have little relevance." *Aristocrat*, 543 F.3d at 663. If Biotronik believes that NPH has committed a fraud on the patent office in its petition, the proper claim is inequitable conduct.[5] *See id.*

---

[3]The Court notes that at least one Federal Circuit judge has indicated a desire to revisit the holding in *Aristocrat*. *See Exela Pharma Sci., LLC v. Lee*, 781 F.3d 1349, 1353–54 (Fed. Cir. 2015) (Newman, J., concurring).

[4]The Federal Circuit's decisions on patent law are binding on our resolution of the dispute, as the Federal Circuit has exclusive appellate jurisdiction over cases in which our jurisdiction is based on federal patent law. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 807-08, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988).

[5]*See* ECF No. 27 at 16–17 ("when Dr. Niazi and his attorneys sought reissuance of the []'170 patent in or around 2021, the entire purpose was to establish a date of priority earlier than the Williamson patent. A reasonably prudent person exercising due care and diligence would have discovered the lapse in copendency at that time. Dr. Niazi's fifteen-year failure to act, punctuated by at least two discrete moments at which the deficiency was or should have been apparent, was entirely avoidable." (citation omitted)).

Biotronik's contention that the PTO acted ultra vires, or without authority, ECF No. 27 at 10–14 , lacks merit. Congress clearly vested the PTO with authority to revive abandoned patents. 35 U.S.C. § 27 ("The Director may establish procedures . . . to revive an unintentionally abandoned application for patent . . . ."); *see also* 35 U.S.C. § 41(a)(7) (setting the fee for "filing [a] petition for the revival of an abandoned application for a patent"). Although § 27 was enacted in 2012, after the period relevant in this case, the Court still finds that § 41(a)(7) provides sufficient support for the PTO's authority. Under Biotronik's interpretation of § 41(a)(7), Congress would have written a dead letter. The law disfavors such interpretations. *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous void, or insignificant." (citing *Duncan v. Walker*, 533 U.S. 167, 174 (2011)) (internal quotation marks and additional citation omitted)). Biotronik's argument is more properly understood to be that the PTO *abused its discretion* by applying the wrong standard to NPH's petition.

The only case Biotronik cites where a court invalidated the PTO's grant of a revival petition is inapposite. ECF No. 27 at 10, 15–16 (citing *Avanir Pharms., Inc. v. Actavis S. Atl. LLC*, 987 F. Supp. 2d 504 (D. Del. 2013)). In *Avanir*, the court concluded that the petition "to revive the '053 application was inoperative, due to [p]laintiffs' failure to comply with the terminal disclaimer requirements . . . . In turn, the '053 application remains abandoned and, pursuant to 35 U.S.C. § 120, [p]laintiffs cannot claim its priority date." *Avanir*, 987 F. Supp. 2d at 518. As NPH argues, this is readily distinguishable. ECF No. 30 at 7–8. The *Avanir* court based its holding on the lack of a terminal disclaimer. A terminal disclaimer was required there

to prevent the patentee from enjoying a priority date of June 1992 for a patent set to run until January 2016, well beyond the 17 years it was allowed as a pre-General Agreement on Tariffs and Trade filing. *See id.* at 513–15, 517. At a high level, the court gave weight to the fundamental balance patent law strikes between disclosure of scientific progress and a monopoly of limited time to recoup on the research costs associated with new and useful discoveries. No missing terminal disclaimer is at issue here, and the ’170 patent’s balance of disclosure and monopoly is already struck by the nature of its continuation from the ’244 application, which would set its expiration on or about October 6, 2030.[6] *See* ECF No. 16-1.

Because Biotronik makes essentially the same argument as the Federal Circuit rejected in *Aristocrat*, the Court will deny its motion for judgment on the pleadings. And, as the Court has found that it may not invalidate the PTO’s revival, which legally bridges the alleged co-pendency gap, the Court declines to reach the issue of factual co-pendency. Lastly, although attorneys are expected to be zealous advocates on behalf of their clients, they should exercise caution when arguing against the current of clear precedent, lest they leave the Court and the opposing party drowning in needlessly multiplied proceedings. *See* 35 U.S.C. § 285.

Accordingly,

---

[6]The Court makes only a preliminary determination here based on the information appearing on the face of the ’170 patent and will leave it to the parties to brief whether there is some extension of the term pursuant to 35 U.S.C. § 154(b) should the issue become relevant. *See* 35 U.S.C. § 251(a) (allowing reissue “for the unexpired part of the term of the original patent”); *see also* ECF No. 16-3 at 53 (noting extension under 35 U.S.C. § 154(b)).

**IT IS ORDERED** that Biotronik Inc. and Biotronik SE & Co. KG motion for judgment on the pleadings, ECF No. 26, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge